## SOUTHERN HARDWOOD LUMBER COMPANY
### V.
### JAMES A. SCOTT.

*Master and Servant—Recovery of Wages—Corporations.*

A corporation may not recover back moneys paid by it for services rendered before its organization, and it does not make any difference whether the right to recover is claimed in a suit brought directly for that purpose, or as a matter of defense, by way of set-off or otherwise.

[Opinion filed October 28, 1892.]

IN ERROR to the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding.

Mr. M. SALOMON, for plaintiff in error.

Messrs. WEIGLEY, BULKLEY & GRAY, for defendant in error.

MR. JUSTICE SHEPARD. The judgment below was on a demand for salary and cash disbursements. Included in it was an item of $60 for salary for three weeks from January 25 to February 15, 1891.

In our opinion there was insufficient evidence to sustain the item referred to. There had been such acquiescence by the defendant in error in his discharge from employment by the treasurer and manager of the corporation, claiming to act for the corporation in that behalf, as to preclude him from a recovery after the date of such discharge.

Acting upon our suggestion to that effect, counsel for defendant in error has entered a *remittitur* of $60 from the judgment, and we have concluded to affirm the residue of the judgment at the costs of the defendant in error.

The judgment as it now stands, includes a balance of account in favor of the defendant in error, which was arrived

at on the books of the corporation by allowing a charge of $60 against the corporation for salary for three weeks immediately preceding its final organization.

Some time prior to July 17, 1888, the date of the license for opening books of subscription to the capital stock of the corporation, the defendant in error and two associates, Bassett and Conway, formed a purpose to organize the plaintiff in error corporation, and took all steps necessary to its final organization on July 30, 1888. The three persons named were elected president, treasurer and secretary of the corporation, and constituted its board of directors.

After the company was organized it was agreed between themselves that each should have a salary of $20 a week.

The testimony is conflicting as to the time from which the salaries should begin to run, but as a matter of fact each of the three officers were credited by the secretary with salary at the rate of $20 dollars a week from a date three weeks prior to the date of organization, and each one of them drew out of the concern the amount of money so credited to their respective accounts. At that time the three persons mentioned were the only officers of the company, and for anything that appears, owned all the capital stock; and no fault or criticism was found or made because of the charge against the company for services rendered prior to its complete organization until several months afterward.

It was not until in June, 1889, that any complaint was made by any one because of such charge and payment; and the objection that was then made was made by one who had become a stockholder some time after the services had been credited and paid for. So far as appears, the corporation itself never objected to the payment, but always acquiesced in it until this suit was brought, about a year and a half after payment had been made.

The question thus presented is not one as to whether a corporation is liable for services rendered before its organization, but is as to whether a corporation may recover back moneys charged to it, and paid by it, for such services, with knowledge either actual or implied. And it does not

make any difference whether such a right is claimed in a suit brought directly for that purpose, or as matter of defense by way of set-off or otherwise.

Here the $60 for prior services was credited to defendant in error, and was paid to him, and no question as to the propriety thereof raised by the corporation for many months afterward, and there is evidence in the records tending to show that such services were in fact rendered. Under such circumstances the corporation should not be permitted to recover back the moneys so paid by it, and the judgment of the Superior Court upon the verdict of the jury, disallowing the set-off claimed in that regard, should not be disturbed.

The circumstances attending the acquiring of the lease to the lots occupied by the corporation, and as to whether the defendant in error should be charged for the use of part of the premises during the time that he left standing on them some old buildings bought by him for his own account, were all submitted to the jury, and their finding under the conflicting testimony will not be disturbed by this court.

The *remittitur* having been entered, the residue of the judgment will be affirmed at costs of the defendant in error.

*Judgment affirmed.*